IRVING ZACHAREWITZ, TRADING AS AUTO EQUIPMENT COMPANY, PLAINTIFF-APPELLEE, v. CARMINE STAMATO AND JOSEPH STAMATO, TRADING AS CARMINE STAMATO & SON, DEFENDANTS-APPELLANTS.

Decided September 27, 1929.

Before Justices TRENCHARD, KALISCH and LLOYD.

For the appellants, *Heller & Boss* (*Aaron Heller*, of counsel).

For the appellee, *Alexander & Cohn*.

PER CURIAM.

The plaintiff-appellee brought its action in the Fourth Judicial District Court against the defendants-appellants, to

recover an alleged balance of $412.24, due to the plaintiff on a book account. To this demand the defendants filed a counter-claim setting forth that the plaintiffs owed them the sum of $100, with interest, arising out of a note transaction, and it appears this fact was not disputed, but was credited by plaintiff upon the account sued upon; and the counter-claim further sets forth that on January 29th, 1927, the plaintiff sold certain tires to the defendants for approximately the sum of $500, which were guaranteed by plaintiff to be free from defects and further guaranteed their use for about eighteen months, and that the said tires, after a few months use, because of defects therein, became unfit for further use, whereupon they were exchanged by the defendants, the plaintiff delivering to them new tires, which also were defective and became unfit for use after seven months' use, the tires having been guaranteed for eighteen months' use.

The case came on for trial before the court, sitting with a jury. The trial resulted in a verdict for the plaintiff. The verdict, as rendered by the jury, was as follows: "Judgment for plaintiff in the sum of $35 and return of tires." This verdict was set aside by the trial judge.

The case subsequently came on for a new trial before the court and a jury, and resulted in a verdict for the plaintiff for the sum of $243.75, upon which verdict judgment was given. It is from this judgment the appeal is taken.

The first point made on this appeal is, that the trial judge refused to permit defendant's counsel to state his defense and counter-claim to the jury in his opening address. This assertion is not substantiated by the record before us. The trial judge properly refused to permit counsel to state to the jury as to what were the findings of a former jury which heard the case, and the circumstances connected therewith.

The second point argued in the brief of counsel of appellant is that the court erred in charging the jury that the check of $41.25 was paid on account.

There is no merit in this contention. The record discloses that before the first judgment was vacated the defendants' attorney sent a check payable to plaintiff's attorney for

$41.35, upon which check was written these words: "Re: Satisfaction of Judgment, Auto Equipment Company v. Stamato." This check was cashed by plaintiff's attorney, and credited to his own account. The plaintiff's atorney said, he accepted the check on the promise of the defendants' attorney that the rejected tires would be returned to the plaintiff, as was the verdict of the jury in the first trial of the case.

The record further discloses that the return of the tires was refused, and that the verdict was subsequently set aside. The posture of affairs then was, that plaintiff's attorney had the proceeds of the check sent him by the defendants' attorney, and of course, there being no judgment on record there could be no satisfaction of it on record. Neither does it appear in the record that the plaintiff's attorney was authorized by the former to settle the judgment upon any other terms than that set forth in the verdict of the jury.

There was no appeal taken from the action of the trial judge in amending the verdict, as the jury found it, and in setting the verdict aside as an improper one and in ordering a new trial.

From aught that the record discloses, defendants went to trial without any objection, and therefore the $41.25 paid by check to plaintiff's attorney could very well be considered by the jury as a payment on account, in view of the fact that the defendants did not return the rejected tires to the plaintiff, as agreed.

The next point argued in appellants' brief is, that the "court's charges were prejudicial in line with the attitude taken by the court throughout the entire case, as a result of which said defendant was not given a fair trial."

This point cannot avail the defendants since it does not set out the particular error alleged to have been made by the trial judge for which a reversal of the judgment is sought. Moreover, a fair reading of the record before us does not support the contention of counsel.

Judgment is affirmed, with costs.